UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRY D. ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-1251 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| KENNETH McKEE et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro*

*se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, the Court will dismiss for failure to state a claim

Plaintiff's claims under the Eighth Amendment and the Americans with Disabilities Act.  The Court

will order service of Plaintiff's remaining claim of retaliation.

**Discussion**

I.       Factual allegations

In his *pro se* complaint, Plaintiff sues Bellamy Creek Correctional Facility (IBC) Warden Kenneth McKee, the IBC Warden's Administrative Assistant Robin Bell, and Sergeant Johnson.

Plaintiff asserts that he is "being sanctioned by Defendants" because they are keeping him in a higher security level than necessary and is being denied access to "outside dental care." (Compl. at ¶ 2.) Plaintiff further asserts that he had been given a "Special Accommodation Notice for no open dorm" that was ignored by Defendant Johnson. (Compl. at ¶ 8.) Plaintiff asserts that he was punished because he "successfully defended himself from being abused, ridiculed, and prosecuted when Sergeant Johnson attempted to force Plaintiff to harm himself by allowing Sergeant Johnson to bully and abuse Plaintiff into being housed in an open dorm, contrary to Plaintiff's medical need . . . ." (Compl. at ¶ 36.)

Plaintiff saw a dentist at IBC healthcare on July 16, 2007, and was informed that he needed a root canal and cap, but the dentist was not permitted to do that work and "could only offer to extract the tooth for Plaintiff." (Compl. at ¶ 26.) Plaintiff requested to see an outside dentist, at his own cost, for the root canal and cap and the outside dentist promised to complete the necessary paperwork. (*Id.*)    On September 5, 2007, Defendant McKee's assistant sent Plaintiff a memorandum stating that since Plaintiff had refused to have his tooth extracted Plaintiff had "refused the services that IBC Dental Office offered." Plaintiff states that he then saw another dentist on September 7, 2007, and was told that the tooth needed to be extracted. (Compl. at ¶ 30.) Plaintiff responded by asking that his tooth not be extracted. (*Id.*)  Plaintiff alleges that the dentist

was then "very rough throughout the procedure" of replacing a filling in another tooth. (*Id.* at ¶ 32.)

On September 7, Plaintiff wrote to Defendant McKee asking again to be allowed to "go to an outside

dentist or transferred to a facility near Plaintiff's dentist in Farmington, Michigan." (Compl. at ¶ 33.)

On September 25, 2007, Plaintiff saw Defendant McKee, discussed his situation and

was told:

> I've receive all of your letters, have read them, and forwarded them on. I will not
> allow you to go to a Non-secure Level-I Camp to then go to an outside dentist. You
> blew Level-I camp when you got here by getting that ticket. It's that behavior. As
> far as your tooth, the dentist offered to pull it, and that's your only option. You
> should let him, because based on that ticket, you're not going to Level-I Camp, and
> you're not going to your outside dentist.

(Compl. at ¶ 35.)

Plaintiff asserts that his Eighth and Fourteenth Amendment rights were violated

because he was punished for having and trying to enforce a Special Accommodation Notice, which

allowed him not to be housed in an open dorm due to his "medical condition."   Plaintiff further

asserts that he did not receive the dental treatment he desired and was housed at a higher security-

level facility making him unable to see his outside dentist due to the cost of paying for a two-guard

escort instead of a one-guard escort. Plaintiff also asserts that Defendants have violated the

Americans with Disabilities Act (ADA) by Defendants' refusal to give him the special

accommodation requested and also allow him to visit his own dentist. (Compl. at ¶ 40.)

For relief, Plaintiff requests $10,000,000.00 in compensatory damages from each

Defendant, $18,000,000.00 of exemplary damages, attorney fees and costs, declaratory and

injunctive relief from this Court protecting Plaintiff and an order directing that:

> Plaintiff be transferred to a Non-secure Level-I facility near his Dentist, located in
> Farmington, Michigan; that he be allowed to go to his dentist in accordance with

> MICH. DEP'T. OF CORR., Policy Directive 04.06.135; that no further retaliation be accomplished against Petitioner [sic] by Defendants or their fellow employees of the Michigan Department of Corrections; and that Defendants be charged and prosecuted for their illegal actions against Plaintiff that have violated his civil rights and those that have broken the law pertaining to the Americans With [sic] Disabilities Act.

(Compl. at ¶ F.)

## II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Eighth Amendment Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898,  the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Plaintiff received dental care in this instance, and his allegations regarding alternative

dental care are a dispute over the adequacy of treatment.  Therefore, he fails to state an Eighth

Amendment claim regarding his dental care.

        To the extent Plaintiff alleges a violation of his Eighth Amendment rights for

Defendants' failure to comply with Plaintiff's Special Accommodation Notice, Plaintiff fails to state

allegations sufficient to support an Eighth Amendment claim.  He merely states that he was given

a Special Accommodation to not be housed in an open dorm setting due to a medical condition.  The

only medical condition mentioned in Plaintiff's complaint is regarding his teeth.  He provides no

further elaboration on why he needs the Special Accommodation.  He alleges only that the Special

Accommodation was not followed.  Plaintiff has alleged no facts supporting his claim that the denial

of the Special Accommodation constitutes the denial of his Eight Amendment rights. Therefore,

Plaintiff fails to state a claim

**B.      No Constitutional Right to be Housed at a Particular Facility**.

        Plaintiff alleges that he is being improperly housed at a higher security level than he

should be, which prevents him from seeking outside dental care because he would have to pay for

a two guard escort instead of a one guard escort.  Plaintiff has no constitutional right to any particular

placement or security classification.   "[A]n inmate has no justifiable expectation that he will be

incarcerated in any particular prison within a State."*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983);

*see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  A change in security classification to a

higher level of security, with nothing more, is not the type of atypical and significant deprivation in

which an inmate might have a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 486 (1995);

*Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460 (6th

Cir.), *cert. denied*, 118 S. Ct. 136 (1997).  Specifically, the Sixth Circuit has held that "the denial

of participation in a community placement program is not the type of atypical and significant

deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997

WL 215517, at *1 (6th Cir. Apr. 29, 1997)(citing *Sandin v. Conner*, 515 U.S. 472 (1995)).  In the

absence of a recognized liberty interest, placing Plaintiff in higher security level facility or increasing

his security classification raises no issue of constitutional magnitude.  Consequently, Plaintiff's

complaint fails to state a claim upon which relief can be granted.

### C.      Americans with Disabilities Act

Plaintiff also seeks relief under the American with Disabilities Act.  Title II of the

ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity."  42 U.S.C. § 12132.  Therefore, to state a claim under the ADA, Plaintiff must show that he

is a "qualified person," that he has a "disability," and he was excluded from or denied participation

in a "service, program, or activity" of the state.  In the ADA, the term "disability" is defined as, with

respect to an individual: "[1] a physical or mental impairment that substantially limits one or more

of the major life activities of such individual; [2] a record of such an impairment; or [3] being

regarded as having such an impairment."  42 U.S.C. § 12102(2).  Similarly, Section 504 of the

Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the

participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under

specified programs "solely by reason of her or his disability."  29 U.S.C. § 794(a).  Plaintiff merely

states that he was given a Special Accommodation Notice for a "medical condition."  Plaintiff has

made no allegations regarding what his alleged disability is or why he should be considered a "qualified person" under the ADA. Therefore, Plaintiff fails to state a claim.

### D. Retaliation

Plaintiff asserts that he was given a misconduct ticket and, as a result, transferred to a higher security level for asking not to be housed in an open dorm as provided by his Special Accommodation Notice. Plaintiff has made allegations sufficient to state a claim of retaliation regarding his First Amendment rights and that claim will be served against Defendants.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss for failure to state a claim Plaintiff's claims under the Eighth Amendment and the Americans with Disabilities Act. The Court will order served Plaintiff's remaining claim of retaliation.

An Order consistent with this Opinion will be entered.

Dated:   February 22, 2008             /s/ Gordon J. Quist
                                        Gordon J. Quist
                                        United States District Judge