UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. ALTMAN

   Plaintiff,

v.              Case No. 1:07-CV-1251

KENNETH McKEE, UNKNOWN    HON. GORDON J. QUIST
JOHNSON, and ROBIN BELL,

   Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

   Plaintiff Terry Altman, an inmate at the Bellamy Creek Correctional Facility (IBC), filed suit pursuant to 42 U.S.C. § 1983 against Defendants Kenneth McKee, Sgt. Johnson, and Robin Bell. Plaintiff alleges Defendants violated his First and Eighth Amendment rights and the Americans with Disabilities Act (ADA). The Court previously dismissed Plaintiff's Eighth Amendment and ADA claims for failure to state a claim. (Docket no. 3.) Defendants subsequently filed a Motion for Summary Judgment, (docket no. 13), which Plaintiff did not oppose. On January 7, 2009, the Magistrate Judge filed a Report and Recommendation, (docket no. 18), recommending that Defendant's Motion for Summary Judgment be granted and the complaint dismissed. Plaintiff timely objected. The Court has completed the de novo review required by Fed. R. Civ. P. 72(b), approves the Report and Recommendation and adopts it as its Opinion.

## Facts

   Plaintiff alleges Defendants retaliated against him in violation of his First Amendment rights by transferring him from Level I to Level II housing after he was charged with major misconduct for disobeying a direct order, and refusing to transfer him back to Level I after he was found not

guilty of the misconduct. Plaintiff was transferred to IBC on April 16, 2007. When he arrived, Sgt. Johnson instructed him to lock up in A-unit. Altman refused because he suffers from post-traumatic stress disorder and has a physician's order and a Special Accommodation Notice that prevent him from being housed in an open dormitory. Health Care had not yet reviewed Altman's file, was apparently unaware of his accommodation or medical needs, and informed Sgt. Johnson that Altman could stay in A-unit until it could review his file. Altman still refused to comply. Johnson filed a Major Misconduct Report against him. That same day, Defendant McKee, the IBC Warden, decided Plaintiff's conduct made him unfit for Level I classification and placed him in Level II. MDOC policy grants the warden discretion to alter an inmate's security classification. Plaintiff was found not guilty of misconduct at a subsequent hearing. The hearing officer determined Sgt. Johnson's order was unreasonable in light of Altman's physician's order and Special Accommodation Notice.

Altman requested a transfer back to Level I after he was found not guilty of the misconduct. The warden denied the request. Altman filed a grievance in which he quoted ARUS Drake as saying, "[t]he warden turned down your transfer to Level-I because you pissed off Sergeant Johnson." (Docket no. 1 at 7, 8; Docket no. 1-3 at 20.) Plaintiff alleges in his sworn complaint that Warden McKee's refusal to transfer him back to Level I was "in coordinated retaliation with Sergeant Johnson, specifically because Plaintiff had been found not guilty on the ticket." (Docket no. 1 at 7.)

## Plaintiff's Retaliation Claim

To establish a *prima facie* retaliation claim, Plaintiff must establish that he took protected action, that an adverse action which would deter one of ordinary firmness from engaging in the protected conduct was taken against him, and that the adverse action was motivated, in part, by the protected conduct. The Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment because Plaintiff has not demonstrated that Defendants' conduct was in

2

retaliation for Plaintiff's protected conduct. The Magistrate Judge noted that Plaintiff filed a grievance after Warden McKee denied Plaintiff's request for a transfer to Level I, but wrote that the grievance could not be the protected conduct that motivated McKee's denial since it was filed after Plaintiff's request was denied. After reviewing the record, the Court has determined that, weighing all reasonable inferences in Plaintiff's favor, he has offered sufficient evidence for a jury to conclude that Warden McKee's alleged conduct was motivated in part by a desire to retaliate against Plaintiff's protected conduct. However, Warden McKee has established that he had a non-retaliatory reason for denying Plaintiff's request and would have taken the same action absent Plaintiff's protected conduct. McKee is thus entitled to summary judgment.

The alleged series of relevant events is: 1) Plaintiff refused Sgt. Johnson's order; 2) Warden McKee transferred Plaintiff from Level I to Level II; 3) Plaintiff was found not guilty of misconduct; 4) Plaintiff requested a transfer back to Level I; 5) Warden McKee denied Plaintiff's request; and 6) ARUS Drake allegedly informed Plaintiff that Warden McKee denied the request because Plaintiff "pissed off" Sgt. Johnson. Plaintiff alleges, therefore, not that McKee denied his transfer in retaliation for a grievance Plaintiff filed, but in retaliation for successfully defending the misconduct charge. Furthermore, Plaintiff has offered "more than a scintilla" of evidence to support this allegation.

Defendants note that Plaintiff does not have a constitutionally protected interest in remaining at a particular security level or being housed at a particular institution. They also note that MDOC policy grants the warden discretion to transfer prisoners to another security level within the institution. Defendants argue that no adverse action was taken against Plaintiff because Defendants took no action at all after he was transferred from Level I to Level II. However, action *was* taken - Plaintiff's request for a transfer was denied. The warden has discretion to determine Plaintiff's security level, but that discretion is not absolute; it cannot be motivated by a discriminatory purpose.

3

Plaintiff alleges the denial was motivated by a desire to retaliate against him, and he has provided some evidence of this. However, the decision to deny Plaintiff's transfer to Level I ultimately lay with Warden McKee, not Defendants Johnson or Bell. Furthermore, Plaintiff has offered no evidence establishing that Johnson or Bell were involved in this decision. Plaintiff alleges Sgt. Johnson and Warden McKee conspired to retaliate against him, but he has not demonstrated that they acted in concert. Accordingly, the Court will grant summary judgment to Defendant's Johnson and Bell because Plaintiff has not established that they participated in the alleged adverse action.

Once Plaintiff has established the elements of his retaliation claim, Defendant is entitled to summary judgment if he "can show that he would have taken the same action in the absence of the protected activity." *Cameron v. Grainger County, Tenn.*, 274 Fed. Appx. 437, No. 07-5681 2008 WL 1756296 at *4 (6th Cir. April 16, 2008) (unpublished table decision) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Warden McKee has met this burden. McKee affirmed in an affidavit that he informed Plaintiff that he reviewed his file for Level I placement but found that he was properly placed in Level II, and would review the file again in six months. (Docket no. 14-8 at 3.) The circumstances corroborate McKee's account. McKee transferred Plaintiff to Level II after Plaintiff refused Sgt. Johnson's order to lock up in A-unit. McKee may well have decided that the conduct that merited Plaintiff's transfer to Level II merited his continued Level II classification. The hearing officer's decision that Plaintiff's disobedience was legally excusable is not tantamount to a determination that it was laudable or even merely appropriate. Accordingly, the Court will also grant McKee summary judgment.

Plaintiff objects to the Court's previous dismissal of his Eighth Amendment and ADA claims. The Court construes this objection as a motion for reconsideration of an interlocutory order pursuant to Fed. R. Civ. P. 54(b). The power to grant such a motion rests in the Court's discretion. However, Plaintiff has presented no new evidence or legal argument suggesting that the Court's

previous decision was in error or that justice requires the Court to reconsider its decision. While the Court sympathizes with Plaintiff's desire to receive a root canal and crown rather than have his carious tooth extracted, disagreement regarding the appropriate course of treatment does not give rise to an Eighth Amendment claim. Plaintiff's motion for reconsideration of the Court's Order (docket no. 3) dismissing his Eighth Amendment and ADA claims is therefore denied.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 18) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 13) is **GRANTED**.

This case is **concluded**.


Dated: March 31, 2009                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE