UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. ALTMAN,

        Plaintiff,

vs.

KENNETH MCKEE, *et al.*,

        Defendants.

        Case No. 1:07-cv-1251

        Hon. Gordon J. Quist

**ORDER**

This matter is now before the court on plaintiff's "motion to compel disclosure in plaintiff's (1st and 2nd and 3rd) requests for discovery materials" (docket no. 35).[1]

This motion is not properly before the court. First, plaintiff failed to file a supporting brief pursuant to W.D. Mich. LCivR 7.1(a), which requires that all motions, except those made during a trial, shall be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." Second, plaintiff failed to provide the necessary supporting documents pursuant to W.D. Mich. LCivR 7.1(b), which requires that "[a]ll discovery motions shall set forth verbatim, or have attached, the relevant discovery request and answer or objection." Plaintiff's status as a *pro se* litigant does not exempt him from following the applicable court rules. A *pro se* litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art,*

---

[1] The court notes that discovery in this action closed on April 1, 2010. *See* Case Management Order (docket no. 27).

*Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Experience has taught the court that strict adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). For these reasons, plaintiff's motion to compel will be denied.

Furthermore, even if plaintiff had properly submitted his motions, plaintiff would not be entitled to relief. Plaintiff's action involves claims against defendant Kenneth McKee for retaliation in violation of the First Amendment and a violation of the Americans with Disabilities Act. In his first request for discovery materials, plaintiff asked for "a copy of every E-Mail sent within the Michigan Department of Corrections [MDOC] concerning him, Terry Altman, #22874, since 16 April 2007." *See* docket no. 38-3. Defendant objected to this request as (1) overly broad and unduly burdensome, because it would require a search through the e-mail files of every prison official who had e-mail access at every facility where plaintiff has been located; (2) it is probable that there would be few e-mails because most recordkeeping for prisoners is done through the regular "day to day" paperwork created during the course of routine business at the facility; and (3) any e-mails created after the this lawsuit was commenced between the Attorney General's Office and the MDOC would be protected under the attorney client privilege. *Id.* The court agrees with defendant that plaintiff's first request is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(c)(1)("[t]he court may, for good cause, issue an order to protect a party or person from . . . oppression, or undue burden or expense"). Accordingly, defendant's objections to plaintiff's first request is sustained.

Plaintiff's second request for discovery asks for "a copy of every Log Book Entry made at every facility within the [MDOC] concerning him, Terry Altman #228754, since 16 April

2007." *See* docket no. 38-4.  Defendant objected to this request because (1) providing log book entries to an inmate may compromise sensitive information (e.g., the time when MDOC staff conducts security rounds at the facility, the timing and nature of various security checks, and information about other prisoners at the facility); (2) the request is overly broad and unduly burdensome, because the MDOC keeps many types of log books; and (3) the requested documents are not relevant, because plaintiff's claims arises out of events that transpired at one facility and involved only one defendant.  *Id.*  The court agrees with defendant that plaintiff's second request is overly broad and could compromise sensitive information at the correctional facility. Accordingly, defendant's objections to plaintiff's second request is sustained.

Finally, defendant points out that it has provided the documents requested in plaintiff's third request, i.e., "a copy of every Transfer Order and related documents within the [MDOC] concerning [plaintiff], since 11 November 2006." *See* docket no. 38-5.  Accordingly, plaintiff's motion is moot as to the third request.

For these reasons, plaintiff's motion to compel (docket no. 35) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 11, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge